**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01168-LTB-NYW

COLLATERAL INTERNATIONAL, LLC,
a Delaware limited liability company,

      Plaintiff,

v.

CHERYL L. DENNLER,

      Defendant.

---

## ORDER DISCHARGING ORDER TO SHOW CAUSE

---

Magistrate Judge Nina Y. Wang

On December 15, 2015, this court issued an Order to Show Cause on or before December 29, 2015 why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and Plaintiff's failure to comply with the August 13, 2015 Order. [#20]. Plaintiff responded to the Order to Show Cause on December 28, 2015. [#21]. For the reasons stated below, the Order to Show Cause is **DISCHARGED**.

Prior to the 2015 amendments to the Federal Rules of Civil Procedure, effective December 1, 2015, Rule 4(m) provided in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

Plaintiff initiated this action on June 5, 2015 and the Clerk of the Court issued the appropriate Summons on June 16, 2015. [#3, #7]. In its Response to the Order to Show Cause, Plaintiff represents that because Defendant Cheryl Dennler is, upon information and belief, residing in Túlum, Quintana Roo, Mexico, Plaintiff is pursuing service through the Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). [#21 at ¶ 4].[2] Plaintiff further represents it has prepared and provided the documents necessary for service to the appointed special process server, who has advised that "all proper documents were provided to the Mexican Central Authority as of October 5, 2015." [*Id.* at ¶ 6]. The Mexican Central Authority acknowledged receipt of the documents on October 16, 2015. [*Id.* at ¶ 7]. Plaintiff asserts that service upon a person in Mexico may take as long as six months and that it is currently "awaiting notification from the Mexican Central Authority that the Defendant has been properly served." [*Id.* at ¶ 12]. Finally, Plaintiff argues that this court should apply a flexible due diligence standard in determining whether service of process under Federal Rule of Civil Procedure 4(f) is timely, "[b]ecause there is no mandatory [90] day time limit to serve foreign defendants." [*Id.* at ¶ 9 (citing *Two Moms and a Toy, LLC v. International Playthings, LLC,* No. 10-CB-02271-PAB-BNB, 2012 WL 5353572, at *2 FN 5 (D. Colo.

---

[1] The recent amendment to Rule 4(m) requires service on a party within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). The Advisory Committee Notes to the Amendment of Rule 4 indicates that the shortened time period for service is to reduce delay at the beginning of litigation. Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.

[2] The Hague Convention is an international treaty that applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." The Hague Convention, Art. 1.

October 29, 2012)]. This court agrees, *see Feliz v. MacNeill*, 493 F. App'x 128, 131 (1st Cir. 2012) ("The federal rules give no specific time limit on service outside of the United States"); *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (same)[3]; and finds that Plaintiff has demonstrated its intention to pursue this litigation and that it has to date exercised due diligence in attempting to serve Defendant.

Accordingly, **IT IS ORDERED**:

1. The Order to Show Cause dated December 15, 2015 is **DISCHARGED**;

2. On or before **February 29, 2016**, Plaintiff shall file proof of service with the court or a status report explaining why service has not been effected; and

3. A Status Conference is set for **March 25, 2016 at 10:00 a.m.** in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

DATED: January 4, 2016                          BY THE COURT:

                                                                        s/Nina Y. Wang_____
                                                                       United States Magistrate Judge

---

[3] However, courts have discretion to dismiss for failure to serve abroad when a plaintiff is dilatory, and Federal Rule of Civil Procedure 4(m)'s temporal limitation for domestic service can be instructive. *Feliz*, 493 F. App'x at 131 (citing *Nylok Corp. v. Fastener World Inc.,* 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited")).